**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DAVID WILLIAMS**                                                           **PLAINTIFF**
**ADC #78730**

**CASE NO.:5:12CV00323 JMM-BD**

**SCOTT HORNER**                                                      **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.    Background

Mr. Williams brings this case *pro se* under 42 U.S.C. § 1983 claiming that on June 3, 2006, while he was housed in the Arkansas Department of Correction's ("ADC") Varner Super Max ("VSM") unit, Defendant Horner retaliated against him for filing a grievance by refusing to turn his cell light on and falsely labeling him a "snitch."[1]

The claims raised in this complaint were previously raised by Mr. Williams in *Williams v. Horner*, Case No. 5:09cv00163.  On September 28, 2011, this court dismissed the claims without prejudice, because the Court found that Mr. Williams had failed to exhaust his administrative remedies before filing his lawsuit.  *Williams v. Horner*, No. 11-3327, 2012 WL 1292887, *1 (8th Cir. 2012).  Mr. Williams filed a notice of appeal of the Court's order and judgment, but the Eighth Circuit affirmed the dismissal.  *Williams*, 2012 WL 1292887 at *1.

After the Eighth Circuit affirmed, Mr. Williams filed two grievances, No. VU-11-00986 and 00987, complaining about the events that took place while he was housed in

---

[1] Mr. Williams attaches other grievances to his complaint claiming retaliation (#2 at pp. 26-38), but the only claim he raises against Mr. Horner, the sole defendant in this case, is the retaliation claim set forth above.

VSM on June 3, 2006.  (#2 at pp. 20-25)  Under the ADC grievance procedure, inmates have fifteen days from the date of the incident to file a grievance.  Both grievances were denied by ADC officials at every level of the process because they were untimely.   (#2 at pp. 20-25)

In lieu of filing an answer to the complaint, Defendant Scott Horner has filed a motion to dismiss.  (Docket entry #9)  In the motion, Mr. Horner makes two arguments.  First, he contends that Mr. Williams has three strikes under 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* in this case.  Second, he argues Mr. Williams's case should be dismissed for failure to properly exhaust administrative remedies.  For the reasons set out below, the motion to dismiss for failure to exhaust should be granted.

### III.  Discussion

####   A.   *In Forma Pauperis* Status

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir.2002) (holding that § 1915(g) is constitutional).

Defendant Horner claims that Mr. Williams has had at least three causes of action dismissed based on failure to state a claim and urges the Court to revoke Mr. Williams's *in forma pauperis* status. As support for his argument, Defendant Horner cites to *Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997). He argues that where an inmate has a case in district court dismissed and his appeal of that same case is also dismissed, the inmate acquires two strikes. The holding in *Henderson* is, however, more nuanced than Mr. Horner suggests, and the facts of this case differ from those in *Henderson*.

In *Henderson*, Mr. Henderson was appealing the district court's summary dismissal of his 42 U.S.C. § 1983 case as frivolous. The Eighth Circuit reviewed the district court record and affirmed the judgment under Eighth Circuit Rule 47A(a). The Court also determined that Mr. Henderson's appeal was frivolous. Because it found that the appeal was frivolous and that the district had found that the claims raised in its court were frivolous, the Court noted that Mr. Henderson had two strikes under §1915(g).

Here, Defendant Horner contends that the district court's dismissals in *Williams v. Stewart*, Case No. 2:10cv00039 and *Williams v. McNary*, No. 2:10cv00057 both count as strikes against Mr. Williams under 28 U.S.C. § 1915(g) because both cases were dismissed with prejudice and in both dismissal orders the Court stated that an *in forma pauperis* appeal would be frivolous and not taken in good faith. But using the language of 28 U.S.C. § 1915 as our guide, the Court cannot agree that either order amounts to a strike under 28 U.S.C. § 1915(g).

In *Williams v. Stewart*, No. 2:10cv00039, United States Magistrate Judge David Young recommended, after an evidentiary hearing, that Mr. Williams's case be dismissed with prejudice for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury and that an *in forma pauperis* appeal would be frivilous and not taken in good faith.  (2:10-cv-00039 #119)  Judge James M. Moody adopted the recommendation in its entirety.  (2:10-cv-00039 #122)  It is clear from the Court's order, however, that the dismissal cannot count as a strike under § 1915(g) because the case was not dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.

Similarly, in *Williams v. McNary*, No. 2:10cv00057, Judge Young again recommended, after an evidentiary hearing, that Mr. Williams's case be dismissed with prejudice for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury and that an *in forma pauperis* appeal would be frivolous and not taken in good faith.  (2:10-cv-00057 #83)  Judge D.P. Marshall adopted the recommendation as his own, dismissed the case with prejudice, and certified that an *in forma pauperis* appeal would not be taken in good faith.  Again, it is clear from the Court's order that the dismissal cannot count as a strike under § 1915(g) because the case was not dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

Mr. Horner argues that the Eighth Circuit's summary affirmance of the district court in both of these cases should count as strikes under section 1915(g); however, summary affirmance by the Eighth Circuit under Eighth Circuit Rule 47A(a) does not count as a strike under § 1915(g). (2:10-cv-00039 #140, 2:10-cv-00057 #118) See *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (summary affirmance under Eighth Circuit Rule 47A(a) of case dismissed as frivolous by the district court did not count as a strike); see also *Henderson v. Norris*, 129 F.3d at FN4 ("[w]e are mindful that the affirmance of a district court's dismissal of a complaint as frivolous does not automatically make the appeal frivolous").

Finally, this Court's dismissal in *Williams v. Horner*, Case No. 5:09cv00163, cannot count as a strike under 28 U.S.C. §1915(g), because the Court found that Mr. Williams had failed to exhaust his administrative remedies before filing his lawsuit. A dismissal without prejudice for failure to exhaust administrative remedies does not count as a strike under 28 U.S.C. §1915(g). See *Owens*, 487 F.3d at 563; see also *Newingham v. Westbrook*, 140 Fed. Appx. 634 (8th Cir. 2005) (unpublished per curiam).

Mr. Horner has not pointed the Court to any district court case or appeal brought by Mr. Williams that would count as a strike under 28 U.S.C.A. § 1915(g). Accordingly, his motion to revoke Mr. Williams's *in forma pauperis* status is DENIED.

B. Failure to Exhaust

Mr. Williams attaches several grievances to his complaint. (#2 at pp. 20-38) Although the incident Mr. Williams complains of occurred in 2006, these grievances were filed on October 11, 2011. (#2 at pp. 20-25) As a result, Mr. Williams's grievances and appeals of these grievances were denied as untimely. (#2 at pp. 20-25)

In *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2387, 2386 (2006), the United States Supreme Court clarified that the PLRA requires a prisoner to "properly" exhaust administrative remedies by complying with all of the deadlines and other procedural rules. *Id*. If a prisoner fails to do so—for example, by filing an untimely grievance—then he is procedurally barred from bringing his constitutional claim in a § 1983 action. *Id*.

In this case, because Mr. Williams's grievances were untimely, ADC officials did not reach the merits of his complaints regarding the 2006 incident. This means that Mr. Williams did not "properly" exhaust his administrative remedies regarding these claims. Accordingly, the Court recommends that Mr. Williams's complaint be dismissed without prejudice due to his failure to satisfy the PLRA's exhaustion requirement. See *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (holding that a dismissal for failing to exhaust administrative remedies should be without prejudice).

Mr. Williams argues that he can revive a stale grievance by filing a new one within one year of the district court's dismissal. (#2 at pp. 7, 9-10) In support of this argument,

he relies on *Miller v. Norris*, 247 F.3d 736 (2001); however, the facts here differ from those in *Miller*.

Mr. Miller, a federal inmate who was previously housed at the ADC, brought a claim under 42 U.S.C. § 1983 alleging that ADC officials were deliberately indifferent to his safety resulting in his being stabbed by another inmate. The magistrate judge dismissed the original complaint without prejudice based on Mr. Miller's failure to exhaust his administrative remedies. Approximately two months later, Mr. Miller filed a motion in the same civil action claiming he had written to the ADC requesting grievance forms, but had not received them. He then filed a motion to reinstate his lawsuit claiming that he should be allowed to proceed because the ADC prevented him from exhausting his administrative remedies. The Eighth Circuit agreed and permitted Mr. Miller to pursue a new civil action. *Id*. at 739.

Here, Mr. Williams does not argue that he was transferred to a new institution and thus was denied access to grievance forms. Further, in *Miller*, only a few months had passed since the incident that gave rise to his complaint, and he could conceivably still properly grieve the issues that were the subject of his lawsuit. Here, years have passed since the alleged incident.

Mr. Williams references the Arkansas savings statute. That statute is not applicable here. The Court in *Miller* applied the savings statute to determine whether the

statute of limitations had run on his claim, not to determine whether the inmate had exhausted in a timely manner.

IV.     **Conclusion**

Mr. Williams has not established that he properly exhausted his administrative remedies as to the claims he raises in his complaint.  Accordingly, the Court recommends that Mr. Horner's motion to dismiss (#9) be GRANTED and that the case be dismissed without prejudice.  In addition, the Court should certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 18th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE